**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Genesis Health Care, Inc., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Alex M. Azar II, as Secretary of the United )<br>States Department of Health and Human )<br>Services, George Sigounas, as )<br>Administrator of the Health Resources and )<br>Services Administration, and Krista Pedley, )<br>as Captain in the United States Public Health )<br>Service and Director of the Office of )<br>Pharmacy Affairs in the Health Resources )<br>and Services Administration, )<br>)<br>Defendants. ) | Civil Action No. 4:19-cv-1531-RBH<br><br><br><br><br><br>**PLAINTIFF'S RESPONSE TO<br>DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Genesis Health Care, Inc. ("Genesis") hereby respectfully submits the following Response to Defendants' Motion to Dismiss filed on June 17, 2019. For the following reasons, Defendants' Motion to Dismiss should be denied. Although the Defendants voided its "340B audit results" of Genesis, this Court maintains subject matter jurisdiction of all issues as presented in Genesis' Amended Verified Petition. Genesis' claims remain ripe for review due to Defendants' continuing and imminent auditing and enforcement activities based on audit procedures and interpretations of applicable federal statutes challenged by Genesis.

**I.     BACKGROUND**

On May 24, 2019, Genesis filed an Amended Verified Petition for Judicial Review, Emergency Motion to Stay, and Petition for Declaratory Relief. This matter originally involved an audit by the Health Resources and Services Administration ("HRSA") of Genesis to evaluate compliance with the statutory requirements of the 340B Program. 42 U.S.C. § 256b(a)(5)(C).

After filing the Amended Verified Petition, Genesis received a letter dated June 6, 2019, from Krista M. Pedley, HRSA's Director of Pharmacy Affairs, voiding the findings of the "340B on-site audit" conducted of Genesis on June 21-22, 2017.  (ECF No. 41-1.) The June 6 letter concluded with the following statement:

> As the audit findings have been voided, GHI has no further obligations or responsibilities in regard to the audit, including any actions to submit a CAP [corrective action plan] or perform the actions outlined in the CAP previously submitted to the OPA [HRSA Office of Pharmacy Affairs].

*Id.*

While Genesis appreciates HRSA's decision to void the audit findings in their entirety and to reverse its decision to terminate Genesis from the 340B program, Defendants' argument that its actions now prohibit this Court from reviewing Genesis' remaining claims is legally and factually incorrect.   Specifically, Defendant argues:

> [T]the only final agency action in regards to the patient definition that is addressed in the complaint is in the Department's audit findings, and since the audit has been voided, there is no final agency action in regards to patient definition that will sustain the instant Amended Complaint.

While Defendants' June 6, 2019 letter provides Genesis retroactive relief from the immediate obligations and responsibilities imposed on Genesis by HRSA, Defendants' internal policies and procedures that formed the basis of the voided audit are unlawful and clearly capable of repetition as to Genesis and/or any other "covered entity" that HRSA audits under its statutory authority, 42 U.S.C. § 256b(a)(5)(C).

As stated by HRSA on its website, entities such as Genesis that participate in the 340B Drug Pricing Program are subject to audits by HRSA or a manufacturer at any time:

> HRSA has the authority to audit covered entities for compliance with 340B Drug Pricing Program (340B Program) requirements (42 USC 256b(a)(5)(C)):

2

> Covered entities are subject to audit by the manufacturer or the federal government. Failure to comply may make the 340B covered entity liable to manufacturers for refunds of discounts or cause the covered entity to be removed from the 340B Program.

https://www.hrsa.gov/opa/program-integrity/index.html (accessed June 20, 2019). These audits are conducted based on "a program-specific audit process for … 340B compliance audits" developed by HRSA. *Id.* Genesis is directly challenging the audit process in this action.

Genesis' challenges to Defendants' audit processes include:

A. Defendants' lack of authority to "re-interpret" and significantly narrow the otherwise plain language of 42 U.S.C. § 256b(a)(5)(B) defining "patient";

B. Defendants' failure to provide Genesis, or any other covered entity, with any meaningful 340B audit guidelines[1];

C. Defendants' refusal to provide the "audit manual"[2] it uses to conduct 340B audits in the first instance; and

D. Defendants' foreseeable continuing audit and enforcement of 340B covered entities (including Genesis) using standards that are not authorized by statute nor by rules having the force and effect of law.

Ultimately, Defendants' arguments in its Motion to Dismiss fail because, absent judicial review, Defendants will continue to incorporate its unlawful and narrower definition of "patient" into its audit standards so that Genesis, as well as other covered entities, will continue to be subject to the same inappropriate auditing standards going forward, thus effectively placing Genesis back into the same position as it was prior to HRSA's June 6 "notice of voiding" letter. It would not be surprising, in fact, if HRSA initiated another audit of Genesis the day this action is dismissed, based on the same improper audit standards and unauthorized narrowing of the term "patient" challenged by Genesis in this action.[3]

---

[1] (ECF No. 33-4)

[2] (ECF No. 33-4)

[3] In addition to the fact that the issues raised by Genesis are still appropriate for review, the continuing and imminent threat of audits by HRSA based on the standards challenged by Genesis supports an argument that a continuation of this action supports the efficient use of scare judicial resources. If this action is dismissed, HRSA will foreseeably audit Genesis in the near future, and this litigation will necessarily begin anew.

Accordingly, Genesis respectfully requests that this Court deny Defendants' Motion to Dismiss on the grounds that, despite Defendants' decision to void audit findings, the issues raised by Genesis are ripe for review.

## II.     ARGUMENT

### a. Genesis Meets the Standards Necessary to Continue its Declaratory Action

A federal court has subject-matter jurisdiction over a claim for declaratory relief if: "(1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgement; (2) the court possesses an independent basis for jurisdiction over the parties (e.g. federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Constr. Equip. N. Am. Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th.Cir. 2004); see 28 U.S.C. § 2201.

All of Defendants' arguments in its Motion to Dismiss rest solely on an APA judicial review argument that the Agency voided the final agency action and, therefore, no "final agency decision" is before the court. However, as articulated above, and as stated in Plaintiff's previous submissions to the Court, these arguments fail because Defendants' unlawful and narrowed definition of "patient" is still firmly incorporated into Defendants' audit standards so that Genesis, as well as others, will inevitably be subject to the same inappropriate auditing standards going forward.

Without relief, Genesis is in the same position as it was prior to HRSA's June 6 "notice of voiding" letter: subject to impending audits and enforcement based on the same auditing standards Genesis has been challenging in this action. Although Defendants voluntarily voided the audit *after* Genesis filed its Verified Petition, it is beyond a reasonable expectation that the challenged action will occur again. As stated by HRSA: "Covered entities are subject to audit by the manufacturer or the federal government."

https://www.hrsa.gov/opa/programintegrity/index.html (accessed June 20, 2019).  Moreover, HRSA will enforce these audits: "[f]ailure to comply may make the 340B covered entity liable to manufacturers for refunds of discounts or cause the covered entity to be removed from the 340B Program." *Id.*

Plaintiff Genesis seeks to maintain this action so that the Court can address the standards and HRSA program positions by which HRSA will continue to conduct its audits and enforcement activities.  Defendants argue Genesis is seeking an "advisory opinion" concerning the definition of the term "patient," as though Genesis is asking to Court to engage in an academic exercise.  However, Genesis' action meets the very requirements cited by Defendants to satisfy the case-or-controversy requirement for declaratory judgement: the facts alleged must show there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  *Medlmmune, Inc. V. Genentech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764, 771 (2009). In this action, the parties have stated adverse positions concerning the audit standards and statutory concepts that HRSA will impose upon Genesis in looming audits, which will foreseeably reoccur at any time unless Genesis obtains relief in this action.

      **b. Mandated Continued Enforcement and Auditing by Defendants Based on the Audit Procedures Challenged by Genesis Negates Defendants' Mootness Arguments**

In its Amended Complaint Genesis states specifically that "Courts, including the United States Supreme Court, hold that judicial review under the APA is the appropriate course of action for an entity to seek review of HRSA action related to the 340B Program." (ECF No. 33, ¶ 40, citing *Astra USA, Inc. v. Santa Clara Cnty., Cal.*, 563 U.S. 110, 121-22 (2011).) Opposing this position, Defendants state that: "[w]hile jurisdiction is typically determined as of the

5

commencement of the lawsuit, 'subsequent events can moot the claim,' thereby depriving the court of jurisdiction. (ECF No. 41 p.5, citing *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013).) Upon Genesis' filing of its Verified Petition on May 24, 2019, however, Defendants provided no arguments against this Court having jurisdiction over Genesis' claims. Instead, Defendants *created* a "subsequent event" on June 6, 2019, in an attempt to moot Genesis' claims by voiding all audit findings and letters in its June 6, 2019, letter. (ECF No. 41-1.)

The Defendants cite the *Kaur* case for the proposition that "[a] case is constitutionally moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Kaur v. Wells Fargo Bank, N.A.*, 2017 WL 5466812, at 2 (D. Md. Nov. 14, 2017) (Grimm, J.) (Citations omitted). However, *Kaur* was a bankruptcy court case that was dismissed on the grounds that the plaintiff clearly no longer had an interest in property after it was sold. In contrast, in the current matter, Genesis faces an ongoing and imminent threat of auditing and enforcement based on the Defendants' auditing standards Genesis is challenging in this action.

      **c. Defendants' Voluntary Cessation of the Audit Does not Deprive the Court of Power to Determine the Legality of Defendants' Audit Standards and Related Statutory Interpretations**

Defendants' action to void the audit findings after Genesis filed this matter in Federal Court does not deprive the federal court of its power to determine the legality of the practices underlying the audit in question. "It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice."' *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000), citing *City of Mesquite*, 455 U.S., at 289, 102 S.Ct. 1070. This standard is even more apropos in this case, as Defendants have only voluntary ceased an ongoing audit, not the practices that will

continue to support future auditing and enforcement actions against Genesis and other covered parties.

The determination of whether or not a case has been mooted by the defendants' voluntary conduct is a stringent standard: "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. at 189 (2000) citing *United States v. Concentrated Phosphate Export Assn.*, 292 U.S. 199, 203, 89 S.Ct. 361, 21, L.Ed.2d 344 (1968) (emphasis added). The "heavy burden of persua[ding]" the court that the challenged conduct cannot be reasonably expected to start up again lies with the party asserting mootness; *Id*. and [the Defendant must assure the Court it is] not "free to return to his old ways" [because there is] "a public interest in having the legality of the practices settled." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953).

In the present case, Genesis contested the result of the audit findings as well as the manner in which the audit was conducted. Genesis has, at all times, complied with the plain language of 42 U.S.C. § 256b(a)(5)(B) requiring that "a covered entity shall not resell or otherwise transfer the drug to a person who is not a patient of the entity." *See* Verified Petition at ¶ 30. However, HRSA has and continues to apply unlawful guidance with the force and effect of law to inappropriately narrow the definition of "patient" as otherwise defined by Congress, even though Congress has specifically denied HRSA such broad rule making, and enforcement, authority. *Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs.*, 43 F.Supp.3d 28, 42 (D.D.C. 2014).

Defendants have not addressed Genesis' allegations that it lacks the authority to interpret the language of 42 U.S.C. § 256b(a)(5)(B), let alone to enforce its interpretation through its audit practices. Given that nothing in Genesis' Verified Petition regarding how Defendants audited

Genesis and conducts audits of other covered entities has changed, there is beyond "a reasonable expectation that the same complaining party [will] be subject to the same action again," (*Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 988 (1998)); and that Defendants are "free to return to his old ways." *City of Mesquite*, 455 U.S., at 289, n. 10, 102 S.Ct. 1070. This is not a matter of speculation or "if" it will recur; it is simply a matter of "when." Defendants have failed to meet their heavy burden because the voided audit does not make it absolutely clear that its auditing standards have changed.

Finally, there is "a public interest in having the legality of the practices settled." *W.T. Grant & Co.*, 345 U.S. at 632, 73 S.Ct. at 898. Judicial review of Defendants' practices is necessary to protect the public interest and the wellbeing of Genesis' patients. As previously stated, Defendants have provided no evidence that it will not continue to apply a narrower definition of "patient." Genesis has beyond a reasonable expectation that it will be subject to the same action again, and any such action will likely disrupt Genesis' practices causing harm to its patients who rely on Genesis' 340B benefits.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.

> GRIFFIN & DAVIS, LLC
>
> By: s/JIM GRIFFIN
> Jim Griffin
> Federal Bar No. 1053
> E-Mail: jgriffin@griffindavislaw.com
> Marlboro Building
> 1116 Blanding Street
> PO Box 999
> Columbia, SC 29202
> (803) 744-0800

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/Alice V. Harris
    Daniel J. Westbrook
    Federal Bar No. 5078
    E-Mail: dan.westbrook@nelsonmullins.com
    Alice V. Harris
    Federal Bar No. 6044
    E-Mail: alice.harris@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

*Attorneys for Petitioner and Movant Genesis Health Care, Inc.*

Columbia, South Carolina

June 21, 2019