IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Genesis Health Care, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Xavier Becerra, as Secretary of the United States Department of Health and Human Services, Carole Johnson, as Administrator of the Health Resources and Services Administration, and Emeka Egwim, as Lieutenant Commander in the United States Public Health Service and Director of the Office of Pharmacy Affairs in the Health Resources and Services Administration, <br><br> Defendants. | Civil Action No. 4:19-cv-1531-RBH <br><br><br> **PLAINTIFF'S RESPONSE AND MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS' ADDENDUM TO RULE 26(f) REPORT** |

      Plaintiff Genesis Health Care, Inc. ("Genesis") hereby submits its Response and Memorandum in Support of Opposition to Defendants' Addendum to Rule 26(f) Report. Pursuant to the Court's Conference and Scheduling Order dated September 22, 2022 (Dkt. 67), the parties held a Rule 26(f) conference, but were unable to agree on a scheduling order or the scope of discovery. Plaintiff submitted a Proposed Scheduling Order to the Court on October 26, 2022, which provided for discovery to be conducted pursuant to the Federal Civil Rules of Procedure. On the same day, however, the Defendants submitted an Addendum to Rule 26(f) Report (Dkt. 69), arguing that discovery instead should be confined to the administrative record because this case is proceeding under the Administrative Procedure Act, 5 U.S.C. §500 *et seq.* ("APA") and discovery is generally confined to the record in APA actions. In Response to Defendants' Addendum, as is fully discussed in the following Memorandum, discovery should be allowed

pursuant to a number of exceptions to the APA's general rule related to discovery because the administrative record is wholly deficient related to the issues before the court and must be developed for an effective judicial review.[1]

**I.  Background**

This federal action began when Genesis filed this action, invoking federal question jurisdiction under 28 U.S.C. §1331, after the Health Resources and Services Administration ("HRSA") removed Genesis from the 340B Program following a June 2017 audit.  *See* Dkt. 67 at 3.[2]  At the beginning of the 2017 audit, HRSA requested all 350B prescriptions for a six (6) month period along with hundreds of pages of supporting patient records and Genesis policies and procedures, which Genesis produced.  **Exhibit 1**, Megna Aff. at ¶ 5.  The subsequent audit report issued by HRSA, based on a review of the patient records and Genesis policies and procedures, found that Genesis dispensed 340B drugs to individuals who were ineligible because they were not Genesis "patients" (in HRSA's view) and removed Genesis from the 340B Program.  Dkt. 67 at 3.  Genesis, in turn, protested that HRSA's definition of the term "patient" was too narrow and not in conformity with the underlying federal statute and commenced this action seeking declaratory and injunctive relief.  *See* Dkt. 67.

---

[1] It is also likely the doctrine of *Ex Parte Young* would sustain jurisdiction in this matter given that HRSA inflicted harm on Genesis and Genesis sought relief in the federal courts to address this harm, through injunctive and declaratory relief.  *See Armstrong v. Exceptional Child Center*, 135 S.Ct. 1378, 1384 (2015)(Federal courts may grant injunctive relief with response to violations of federal law by state or federal officials); *Williams on behalf of J.E. v. Reeves*, 981 F.3d. 437, 441 (Fifth Circuit 2020)(An *Ex Parte Young* suit can seek equitable relief that is declaratory or injunctive in nature).  If proceeding via *Ex Parte Young*. discovery would be allowed as in any other civil action.  However, given the Defendants' focus on the APA in its Addendum, this Response responds to the Addendum, demonstrating that discovery is appropriate through the exceptions to the APA's general rule related to limiting discovery and, in fact, is vital in this case to develop a record for the Court.

[2] Defendants request Genesis file an amended operative pleading given the developments in this case since Genesis files its Amended Verified Petition.  Dkt. 69 at 3.  Respectfully, this is not needed because the Fourth Circuit clarified for the parties that the issue in this remanded case is Genesis' request for declaratory relief related to the term "patient," and the proper definition of the term "patient" that should be employed by HRSA.  *See* Dkt. 67 at 17.

Throughout the HRSA audit process, Genesis asked HRSA for its audit guidelines, including HRSA's definition of the term "patient." In response, HRSA rejected Genesis' attempts to delve into this issue and Genesis' opposing view of the scope of the term "patient." Some of the attempts to engage in this discourse are reflected in e-mails attached in Dkt. 33-4 (Exhibit 12). *See also* **Exhibit 1**, Megna Aff. at ¶ 8. In an e-mail dated March 6, 2018, Tony Megna, the CEO of Genesis, discussed the fact that the current director of HRSA Office of Pharmacy Affairs ("OPA") refused to discuss HRSA's audit parameters and instead directed Mr. Megna to the OPA website. Dkt. 33-4 (Exhibit 12); **Exhibit 1**, Megna Aff. at ¶ 8. Mr. Megna, in turn, reiterated that the policies, procedures, and/or documentation for 340B audits would be in the possession of the HRSA OPA. Dkt. 33-4 (Exhibit 12); **Exhibit 1**, Megna Aff. at ¶ 8. Mr. Megna also expressed dismay at HRSA's lack of guidance and transparency, because Genesis' request was important in order for entities such as Genesis to insure compliance. Dkt. 33-4 (Exhibit 12); **Exhibit 1**, Megna Aff. at ¶ 8.[3]

In addition, Genesis requested through the Freedom of Information Act ("FOIA") process that HRSA produce records pertaining to its 340B audit policies, procedures, and guidelines within the possession of the HRSA OPA. Dkt. 33-4 (Exhibit 12); **Exhibit 1**, Megna Aff. at ¶ 9. In return, HRSA OPA produced "25 pages of responsive materials" but withheld/redacted "20 of the 25 pages" of its 340B Drug Pricing Program Audit materials. Dkt. 33-4 at 33-4 at 7 (Exhibit 12); **Exhibit 1**, Megna Aff. at ¶ 9. The extremely redacted Manual is within Dkt. 33-4 starting at 10

---

[3] The United States Supreme Court recently discussed the parameters and application of the "major questions doctrine." *West Virginia v. EPA*, opinion available at https://www.supremecourt.gov/opinions/21pdf/20-1530_n758.pdf, 2022. The Court determined that the "major questions doctrine" developed where agencies were asserting "highly consequential power beyond which Congress could reasonably be understood to be granted." *Id.* As will be demonstrated by Genesis, HRSA's definition of the term "patient" involved an exercise of "highly consequential power" by HRSA beyond the relevant statute enacted by Congress. It is extremely important that a full record is developed on the issue related to the definition of the term "patient" for this reason and because it directly affects the health and daily lives of FQHC patients.

3

(Exhibit 12). As shown on the face of Exhibit 12, this mostly redacted audit Manual provided no information on the subject matter whatsoever. **Exhibit 1**, Megna Aff. at ¶ 9. Even the HRSA letter voiding its audit findings is silent on the matter, making no mention of the 1996 Guidelines definition of "patient" and how Genesis is to comply with those guidelines going forward.

As a result of HRSA's refusal to discuss its audit parameters, including its definition of the word "patient," and its meager and heavily redacted production in response to Genesis' FOIA request, the administrative record is completely lacking any substance for this Court to review.

**II.     Argument**

Genesis filed this federal action under the APA, 28 U.S.C. §§2201 and 2202, the Public Health Service Act, 42 U.S.C. §201, et seq., and the Fifth Amendment to the United States Constitution. Dkt. 33 at 4. The Fourth Circuit recognized that Genesis has demonstrated subject matter jurisdiction and standing to seek declaratory relief related to the term "patient," and the proper definition of the term "patient" that should be employed by HRSA.[4]  Dkt. 67 at 17. However, the administrative record is fully deficient for judicial review, in that it does not contain any information related to the agency's narrow interpretation and use of the term "patient."

---

[4] The Defendants' attempt to re-characterize this action as a "direct challenge" to HRSA's 1996 Guidelines, and even go so far as to state that Genesis' "challenge" is barred by the statute of limitations. Dkt. 69 at 8. This is frankly astounding given that the Fourth Circuit concluded:
> . . . [T]he ongoing disagreement over how "patient" is to be defined in the context of the 340B Program is a definite and concrete controversy touching the ongoing legal relations between HRSA, as regulator of the 340B Program, and Genesis Healthcare, as a participant in the Program. This is not a case where Genesis Healthcare is asking the federal courts for an advisory opinion on what the law is based on hypothetical facts, nor is it simply an effort to satisfy a curiosity on who is right in a now defunct controversy. HRSA has taken action against Genesis Healthcare based, in part, on its definition of "patient," and it can easily do so again in connection with its ongoing duty to audit Genesis Healthcare's compliance with the requirements of the 340B Program, as Genesis Healthcare remains a Program participant.

Dkt. 62 at 13-14. Defendants' bid to overturn the Fourth Circuit's opinion concerning the fact that Genesis has standing to seek declaratory relief with respect to defining the terms employed by HRSA in its enforcement action against Genesis should be rejected outright. *See id* at 17.

Defendants argue discovery is not allowed in this action because the Court's review is "generally" confined to the administrative record in APA cases. Dkt. 69 at 2. Of note, however, Defendants do not mention the fact that courts acknowledge that this general rule has a number of exceptions that allow for discovery in APA cases. These exceptions to the general rule limiting discovery include: (1) when the agency failed to examine all relevant factors; (2) when the agency failed to explain adequately its grounds for its decision; (3) when the agency acted in bad faith; and (4) when the agency engaged in improper behavior. *National Min. Ass'n v. Jackson*, 856 F.Supp.2d 150 (D.C. 2012). Courts have also recognized exceptions in the following circumstances: "(1) if the agency deliberately or negligently excluded documents that may have been adverse to its decision, (2) if background information was needed to determine whether the agency considered all the relevant factors, or (3) if the agency failed to explain administrative action so as to frustrate judicial review." *Tindal v. McHugh*, 945 F.Supp.2d 111, 123 (D.C. 2013) For all of the exceptions, the common question is whether extra-record information is necessary "to enable judicial review to become effective." *Id* at 124. *See also American Bar Ass'n v. U.S. Dep't of Education*, 370 F. Supp.31 1, 37 (D.C. 2019) (stating "when the procedural validity of the [agency's] action remains in serious question…it may sometimes be appropriate for the court to resort to extra-record information to enable judicial review to become effective.")

As noted previously, the administrative record consists of patient medical records, Genesis policies and procedures, HRSA's audit findings, and one 25 page heavily redacted audit Manual. Genesis requested to discuss HRSA's 340B audit guidelines including definition of the term "patient" with HRSA during the audit process, but HRSA rejected Genesis' attempts to discuss this issue and Genesis' opposing view of the scope of the term "patient." Dkt. 33-4 (Exhibit 12); **Exhibit 1**, Megna Aff. at ¶ 8. When Genesis requested HRSA produce its audit Manual and other

materials reflecting its 340B audit process including interpretation of the term "patient," Genesis received an extremely redacted Manual providing no information on the subject matter whatsoever. Dkt. 33-4 at 33-4 at 7 (Exhibit 12); Exhibit **1**, Megna Aff. at ¶ 9. Genesis requested unredacted materials but HRSA refused Genesis' request. **Exhibit 1**, Megna Aff. at ¶ 9. As a result, the administrative record completely lacks any of the necessary information needed for an effective judicial review. For these reasons, Genesis meets multiple exceptions to the general rule limiting discovery as follows:[5]

**(1) The agency failed to examine all relevant factors.** As noted previously, HRSA's audit report concluded that Genesis dispensed 340B drugs to individuals who were ineligible because they were not Genesis "patients" and removed Genesis from the 340B Program. Dkt. 67 at 3; Dkt. 1-1 (Exhibit 1); **Exhibit 1**, Megna Aff. at ¶ 6. HRSA relied on Genesis' production of patient records and Genesis policies and procedures to come to this conclusion. Dkt. 1-1; **Exhibit 1**, Megna Aff. at ¶ 6. However, the patient records provide no insight for the reviewing court when the court is determining the correct definition of the term "patient," as the actual patient visits and prescriptions are not needed to answer the question of correct statutory interpretation. **Exhibit 1**, Megna Aff. at ¶ 6. The audit report itself does not explain or discuss the basis for HRSA's definition of the term "patient," besides a citation to the 1999 Guidelines and the administrative record contains no further evidence of any factors examined by HRSA. Dkt. 1-1. Moreover, HRSA rebuffed Genesis' attempt to discuss the meaning of the term patient and refused to provide HRSA's related Program Manual in an unredacted form. Dkt. 33-4 at 33-4 (Exhibit 12); Exhibit

---

[5] Genesis is citing four of the exceptions to the general rule that supplementation of the administrative record through discovery is not usually permitted. There is some dispute in the District Court as to how many types of exceptions are recognized. See discussions of *Nat'l Mining* and *Tindal* above. However, it is clear that Genesis meets all of the exceptions it cites, and more importantly Genesis demonstrates that discovery is needed for an effective judicial review.

**1**, Megna Aff. at ¶¶ 8-9.  In summary, HRSA failed to examine all relevant factors related to the basis for its audit findings.

      **(2) The agency failed to explain adequately its grounds for its decision.**  As noted, the HRSA audit report does not explain or discuss the basis for HRSA's definition of the term "patient," and the administrative record contains no further evidence supporting its definition.  Dkt. 1-1; **Exhibit 1**, Megna Aff..  Genesis' attempted to discuss the meaning of the term "patient" with HRSA, but HRSA refused to engage in discussions and refused to provide HRSA's related Program Manual in an unredacted form.  Dkt. 33-4 at 33-4 (Exhibit 12); **Exhibit 1**, Megna Aff. at ¶¶ 8-9.  In summary, HRSA refused to fill out the record and thereby failed to examine all relevant factors related to the basis for its audit findings.

      **(3) The agency acted in bad faith.**  Genesis does not take using the term "bad faith" lightly.  But where HRSA refused to engage in discussions concerning the term "patient" during its audit and refused to provide unredacted program materials related to the term during its audit, HRSA's bad faith during the audit process has resulted in a drastically deficient administrative record.  Discovery is needed to provide a record upon which this Court can rule.

      **(4) The agency engaged in improper behavior.**  Here HRSA's refusal to engage in discussions concerning the term "patient" and refusal to provide unredacted program materials related to the term, resulted in the exclusion of relevant documents adverse to its decision and interpretation of the word "patient."  Dkt. 33-4 at 33-4 (Exhibit 12); **Exhibit 1**, Megna Aff. at ¶¶ 8-9.  HRSA's refusal to develop the record has resulted in an administrative record that needs to be supplement through discovery.

For all of the exceptions, the common question is whether extra-record information is necessary "to enable judicial review to become effective." *See Tindal* at 123. Here, as recognized by the Fourth Circuit, the issue at hand is Genesis' request for declaratory relief related to the term "patient," and the proper definition of the term "patient" that should be employed by HRSA. *See* Dkt. 67 at 17. In the action, where the HRSA actively refused to develop an administrative record related to this question, extra-record must be developed for an effective judicial review to occur.

## III.    Conclusion

Genesis respectfully requests that this Court issue a Scheduling Order allowing for discovery to supplement the administrative record. Discovery is necessary in this action and should be allowed because the administrative record is wholly deficient related to the issues before the Court and must be developed for an effective judicial review.

NEXSEN PRUET, LLC
s/ Alice V. Harris
Alice V. Harris, Fed. ID #6044
1230 Main Street, Suite 700 (29201)
Post Office Box 2426
Columbia, SC 29202
Tel: 803-253-8284
Email: AHarris@nexsenpruet.com


GRIFFIN DAVIS, LLC
James M. Griffin (Fed. I.D. 1053)
Margaret N. Fox (Fed. I.D. 10576)
4408 Forest Drive, Suite 300
P.O. Box 999 (29202)
Columbia, South Carolina 29206
Telephone: 803-744-0800
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
Daniel J. Westbrook (Fed. I.D. 5078)
1320 Main Street, 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, South Carolina 29201
Telephone: 803-799-2000
dan.westbrook@nelsonmullins.com

*Attorneys for Petition Genesis Health Care, Inc.*

November 9, 2022

Columbia, South Carolina