IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Genesis Health Care Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>Xavier Becerra, as Secretary of the United States Department of Health and Human Services, Carole Johnson, as Administrator of the Health Resources and Services Administration, and Emeka Egwim, as Lieutenant Commander in the United States Public Health Service and Director of the Office of Pharmacy Affairs in the Health Resources and Services Administration,<br><br>    Defendants. | Civil Action Number: 4:19-cv-01531-RBH<br><br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTIONS FOR LEAVE TO FILE *AMICUS* BRIEFS** |

      Plaintiff Genesis Health Care Inc., through undersigned counsel, submits its response in opposition to the motions for leave to submit amicus briefing filed by AbbVie, Inc., Bristol Myers Squibb Company, Eli Lilly & Company, and Merck & Co., Inc [ECF 106] and the Janssen Pharmaceutical Companies [ECF 107] [collectively the proposed *amici*]. The Court should deny the motion because the proposed *amici* create a paradox: i) either their briefs address the facts and reasoning established in the administrative record, in which case they should be rejected because they are duplicative of the government's own pleadings; or ii) they add new facts and legal arguments to this Administrative Procedure Act ("APA") case, in which case they should be rejected because they violate bedrock administrative law principles and the law of the case. Either way, the Court should reject the *amicus* submissions to avoid the substantial prejudice to Genesis that would result from their acceptance.

Page **1** of 14

ARGUMENT

**I.  *Amicus* Briefing is Not Necessary Where it Duplicates the Parties' Pleadings.**

The proposed *amici's* motions fail to cite any law from this Circuit describing *amicus* participation before a trial court. As they should be aware, though, *amicus* participation at the district court level is not typical. There is no rule addressing *amicus* briefs in the Federal Rules of Civil Procedure, and district courts have discretion when deciding whether to grant or deny *amicus curiae* status. *See Am. Humanist Ass'n v. Maryland-Nat'l Capital Park*, 147 F. Supp. 3d 373, 389 (D. Md. 2015), *rev'd on other grounds*, 874 F.3d 195 (4th Cir. 2017), *rev'd on other grounds*, 139 S. Ct. 2067 (2019). In this Circuit, *amici* have been allowed at the trial court level where "[i]they provide helpful analysis of the law, [ii)]they have a special interest in the subject matter of the suit, or [iii)] existing counsel is in need of assistance." *City of Columbus v. Trump*, 453 F.Supp.3d 770, 785-86 (D. Md. 2020) (*citing Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F.Supp. 720, 728 (D. Md. 1996).

Each of the proposed *amici's* motions asserts that their briefs meet the first two tests in that they will be helpful to the Court and that they have a special interest in the case. Their submissions do not address or assert that they meet the third requirement for *amicus* participation. This is sensible, because neither the Secretary nor the attorneys representing him need drug manufacturers' assistance in administering the 340B Program or defending the government's interests. In fact, their submissions contradict settled Supreme Court precedent interpreting the 340B statute's enforcement provisions.

In *Astra USA, Inc. v. Santa Clara County, Cal*, 563 U.S. 110, the Supreme Court determined that Congress has vested the Secretary with exclusive authority to administer and enforce the 340B statute. That determination was fundamental to the Court's decision that the 340B Statute does not permit a Covered Entity to sue a manufacturer for overcharges. The inverse

is true, too: By Congressional directive, a manufacturer cannot sue a Covered Entity for suspected violations of the 340B statute. Instead, manufacturers must validate their suspicions of diversion or duplicate discounts by auditing a Covered Entity then seek a remedy through HRSA's administrative dispute resolution process. 42 U.S.C. §§ 256b(a)(5)(C); 256b(d)(3)(B)(iv). If the Covered Entity or the manufacturer disagrees with the decision reached through that process, they may bring APA claims against the Secretary, not one another. *See* 42 U.S.C. § 256b(d)(3)(C) (requiring that the administrative dispute resolution process result in a "final agency decision…binding upon the parties involved, unless invalidated by an order of a court of competent jurisdiction."); *see also* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

Despite any objections that the proposed *amici* may have to this structure, it was Congress's choice to put it in place. The Supreme Court stated as much in *Astra USA, Inc.*, where it reasoned that, notwithstanding perceived weaknesses in the Secretary's enforcement of the 340B statute, "Congress did not respond to reports of inadequate HRSA enforcement by inviting 340B entities to launch lawsuits in district courts across the country." 563 U.S. at 121-22.

This Court should decline the proposed *amici's* implicit invitation to circumvent Congressional intent by giving them a forum otherwise unavailable to them based on the Supreme Court's holding to air grievances that should be addressed by the Secretary through the Congressionally mandated administrative dispute resolution process. Notably, when the Secretary finalized the 340B administrative dispute resolution rules, the Pharmaceutical Researchers and Manufacturers of America ("PhRMA"), on behalf of itself and its manufacturer members including the proposed *amici*, sued to negate that action. *See Compl.*, Dkt. No. 1, D. Md. Case No. 21-cv-

198-DLB (Jan. 22, 2021).[1]  This Court should follow the Supreme Court's lead and decline to hear the manufacturers' misdirected, incorrect complaints that aim to circumvent these laws.

## II.     The Proposed *Amici's* Participation Would Violate the Law of This Case

The proposed *amici* assert that their participation would be helpful because they supply facts and arguments that are not already present in the case.  *See* Mot. for Leave to File Br., ECF 106 at 2 (wherein proposed *amici* AbbVie, Bristol-Myers Squibb, Eli Lilly, and Merck admit that their "brief includes additional textual arguments and valuable context not included in the government's brief[.]"); *see also* Br. of the Janssen Pharmaceutical Companies as *Amici Curiae* in Support of Defs' Mot. for Summ. J., ECF 107-1 at iii-v (listing myriad sources relied on in the brief that are not in the administrative record); *id.* at 21 (introducing a *reductio ad absurdum* argument that is not present in the government's brief or in the record below).  But this is wholly improper in this APA case where, as to the facts "the focal point for judicial review…should be the administrative record already in existence, not some new record made initially in the reviewing court[,]" Order Denying P's Mot. to Compel, ECF 98 at 7 (Apr. 24, 2023) (*citing Camp v. Pitts*, 411 U.S. 138, 142, 93 S. Ct. 1241, 36 L.Ed.2d 106 (1973) (per curiam)) (hereinafter "April 24 Order"), and as to the law, "[o]rdinarily, this inquiry is limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Id.* at 6 (*citing Dep't of Commerce v. New York*, — U.S. —, 139 S. Ct. 2551, 2573, 204 L.Ed.2d 978 (2019)).

That is the law of this case.  It was established when the Court denied Genesis' request to engage in extra-record discovery to fill out the facts that led to the Secretary's interpretation of the

---

[1] Genesis filed its own *amicus* brief in support of neither party in that case before the government responded to PhRMA's complaint.  Genesis was compelled to do so because there, as here, PhRMA mischaracterized the facts of this case in a way which could prejudice Genesis.  *See Genesis Health Care, Inc.'s* Amicus Curiae *Brief*, Dkt. No. 15-1 at 2-3, D. Md. Case No. 21-cv-198-DLB (May 14, 2021).  Neither PhRMA nor the government objected to Genesis's motion for leave to file its *amicus* brief.

340B statute. The proposed *amici* have put forward no authority that would permit them to supplement the record when Genesis, a litigant, may not. Troublingly, among the proposed *amici's* extra-record facts are prejudicial accusations, including accusations that Genesis and other covered entities "abuse" the 340B Program citing authority from individuals and entities with whom they have financial relationships and that are historically adverse to 340B covered entities. Br. of Janssen Pharmaceutical Companies as *Amici Curiae* in Supp. of Defs.' Mot. for Summ. J., ECF 107-1 at 1; Br. of Abbvie, Inc., Bristol Myers Squibb Company, Eli Lilly & Company, And Merck & Co, Inc. as *Amici Curiae i*n Opp'n to Plaintiff's Mot. for Summ. J. and in Support of Defs.' Cross-Mot. For Summ. J., ECF 106-1, at 2, 10.

The proposed *amici* likewise identify no authority that would permit the government's legal reasoning to be bolstered by outside counsel when, under bedrock administrative law principles, the government's decision must stand or fall on the reasons put forth below. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 49-50 (1983); *accord. Mayor of Baltimore v. Azar*, 973 F.3d 258, 279 (4th Cir. 2020). It would be inequitable and incorrect for the government's position to be supported by outside counsel who, as explained in further detail below, routinely challenge the government when it tries to enforce the 340B statute against them.

### III. Consideration of Legal Issues or Arguments Raised Solely By the Proposed *Amici* Is Not Permitted.

The proposed *amicus* brief of Janssen Pharmaceutical Companies ("Janssen") argues Plaintiff's action should be dismissed based on the statute of limitations– an affirmative legal defense that has not been raised by the Defendants in their summary judgment briefings. ECF 107-1 at 13-15. It is well-established that "a court may not consider legal issues or arguments not raised by the parties." *Tafas v. Dudas*, 511 F.Supp.2d 652, 661 (E.D.Va. 2007) (citing *Cellnet*

*Communs. v. FCC*, 149 F.3d 429, 443 (6th Cir.1998) (holding that "[t]o the extent that the amicus raises issues or make arguments that exceed those properly raised by the parties, [the Court] may not consider such issues")). Defendants have not asserted the statute of limitations in their summary judgment memorandum, and therefore, Janssen's argument related to the same may not be considered by the Court. Accordingly, the Court should not grant Janssen leave to file a brief that improperly includes legal argument raised for the first time in this matter by Janssen.

IV.  **The Proposed *Amici*'s Briefings Do Not Provide the Court with Additional, Pertinent Law**

Leave to file an *amicus* brief is appropriately denied when the proposed filing does not contain supplemental legal authority or analysis useful to the Court's determination of the parties' existing arguments. *See Washington v. United States Food and Drug Administration,* No. 1:23-CV-3026-TOR, -- F.Supp.3d --, 2023 WL 2825861, at *10-11 (E.D.Wa. Apr. 7, 2023) (denying unopposed motions for leave to file *amicus* briefs because the briefs "offer no additional legal or substantive information that is particularly helpful to the Court's findings on [the] motion"). The proposed *amici* are not presenting the Court with additional legal information and argument that will assist the Court in the pertinent inquiry – what constitutes a "patient" under the statute. Instead, they present the Court with irrelevant argument concerning issues of distribution and diversion, and discussion of hypotheticals and historical examples of factual scenarios that in no way relate to the manner in which Genesis dispenses 340B medication. Moreover, they improperly attempt to bolster their extraneous arguments by citing to the findings of an HRSA audit of Genesis that was voided by HRSA. *See* ECF 107-1 at 13-15. Such argument necessarily cannot be useful to the Court in its summary judgment determination.

Rather than provide the Court with argument and information germane to this matter, the proposed *amici* make outlandish and false factual claims about Genesis' operations, HRSA's

enforcement of the 340B statute, and the proposed *amici's* alleged altruistic support of the 340B program - none of which are supported in the administrative record before this Court. For example, Janssen claims that "Genesis has secured and diverted discounts from the intended recipients to others, who along with Genesis, are wrongfully profiting from the 340B program." ECF 107-1 at 1. Janssen further asserts that "HRSA has not rigorously enforced the letter and intent of the 340B statute to ensure Genesis' compliance, as evidenced by HRSA's abandonment of any enforcement action against Genesis, despite plaintiff's systematic diversion of 340B drugs. HRSA's failing in this case mirror its lax enforcement generally, which has allowed widespread abuse and exploitation of the 340B program and the pervasive diversion of discounts away from the intended recipients." Id. at 1-2.

These factual misrepresentations and attacks on Genesis and HRSA are not helpful to the Court's analysis of the legal issue in this case, and demonstrate the proposed *amici's* presumed true goal of denigrating and undermining a Congressionally-mandated program in which they participate voluntarily.

Both proposed *amicus* briefs expend considerable effort challenging the use of contract pharmacies and falsely portray Genesis as using contract pharmacy relationships almost exclusively. In truth and fact, Genesis dispenses the overwhelming percentage of 340B priced medications through its two in-house pharmacies and less than 3 percent of Genesis 340B Medications are dispensed by third party contract pharmacies. *See* Decl. of M. Matthews at ¶ 4, attached hereto as Exhibit A. In addition, Genesis is forced to use out-of-state contract pharmacies to dispense certain specialty drugs to its patients. Even though Genesis has a properly certified specialty pharmacy, certain key, large-scale commercial insurance carriers will not reimburse Genesis for important specialty drugs unless Genesis uses an out-of-state contract pharmacy

identified by the insurance carrier or its designated pharmacy benefit manager. In other circumstances, manufacturers refuse to make drugs available to Genesis for dispensing or administration to patients, creating a paradox by design. Id. at ¶ 5. That is, Genesis is unable to source or receive payment for specialty drugs its patients require, yet the proposed *amici* argue contract pharmacies also should not be available. What they are really arguing is for the obviation of the 340B program, which is wholly beyond the scope of the Court's review in this case.

Furthermore, Janssen relies exclusively upon a Washington Post article to criticize the compensation paid to Genesis CEO and General Counsel for a single reporting year. ECF 107-1 at 10-11. This figure included compensation that the officer was owed for prior years when Genesis did not have sufficient cash flow to pay the agreed upon compensation. The reporter was provided a full explanation of the compensation arrangement, and he was informed that the amount included "catch up" compensation. This pertinent information was omitted from the news article, obviously for the purpose of sensationalizing the officer's compensation. Janssen has now unfairly and improperly inserted this misinformation into the Court's record for no other reason than to prejudice Genesis. Interestingly, Jannsen is the pharmaceutical division of Johnson & Johnson Inc, whose CEO Joaquin Duato received $19.9 Million in "total direct compensation" for 2022. https://www.fiercepharma.com/pharma/first-year-johnson-johnson-ceo-joaquin-duato-scored-131m-2022-pay.

The impropriety of the proposed *amici's* arguments containing facts outside of the administrative record and law inapplicable to resolution of the pertinent issue in this case is further exacerbated by the proposed *amici's* reliance on HRSA audit findings that were "unconditionally and irrevocably voided." *See Br. of Appellees* 4th Cir. Case No. 20-1701, ECF 19 at 12,19 (Nov. 23, 2020). The HRSA audit findings do not, and incontrovertibly cannot, serve as evidence in the

present matter because they were voided in their entirety by HRSA. Yet the proposed *amici* proffer these voided findings as evidence Genesis is engaging in diversionary conduct that is not at issue in this case. ECF 106-1 at 3-4, 5 ("That Genesis will exploit this expansive definition to increase its arbitrage profits is not speculative: evidence shows that Genesis has violated its statutory obligations by failing to maintain auditable records and by repeatedly reselling or otherwise transferring manufacturers' discounted drugs to customers of third-party pharmacies who, under any reasonable understanding of the term, do not qualify as Genesis's "patients."); ECF 107-1 at 12-13 ("Indeed, as demonstrated by HRSA's audit, Genesis produces these large drug revenues using a system that is premised on diversion"). Such reliance on voided findings is not useful, inappropriate, and only serves to further highlight the lengths to which the proposed *amici* will go to insert their irrelevant arguments into this matter.

The proposed *amici's* briefs are not helpful to the Court's consideration of the narrow issue presented—whether Genesis can dispense 340B prescription drugs to all of its patients, or if Genesis is limited to dispensing 340B medications only when a Genesis physician prescribes the drug. Instead, the proposed briefs are directed at a contract pharmacy business profile that is not utilized by Genesis and at the legality of the use of contract pharmacies, an issue not before this Court. Accordingly leave should be denied.

### V. The Proposed *Amici's* Purported Interest in This Case Is Insufficient to Justify Their Participation

As described above, the proposed *amici* also assert that their interest in this case stems from the government's purported failure to enforce the 340B statute as they would like. ECF 106 at 2; ECF 107-1 at 1. But this is insufficient to justify their participation. If the proposed *amici* wish for the Secretary to bring enforcement proceedings against Genesis, that is not relief this Court may grant. "[A] decision not to institute enforcement proceedings" is "committed to agency

discretion[.]" *Dep't of Commerce v. New York*, — U.S. —, 139 S. Ct. 2551, 2568 (2019) (internal quotation marks removed). As the Court noted in the April 24 Order denying Genesis' motion, "further judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided." April 24 Order, at 6 (*citing Dep't of Commerce*, 139 S. Ct. at 2573). Because the Court cannot compel the Secretary to take action against Genesis, it would be improper for the Court to consider the proposed *amici's* inflammatory and inaccurate briefs in reaching its decision. Indeed, Genesis would be prejudiced more than it already has by having to devote additional time and resources to analyzing and responding to the proposed *amici's* extra-record facts, *post hoc* legal arguments, misrepresentations and hyperbolic descriptions of each.

**VI.     The Proposed *Amici's* Participation Would Be Inequitable and Should Be Rejected**

If Genesis is forced to respond to the proposed *amici's* extra-record facts and *post hoc* legal arguments, it will ask the Court to strike their briefs because the manufacturers' claims are precluded under the doctrine of judicial estoppel. This is because the proposed *amici*, other manufacturers, and their trade organization acting on their behalf, have engaged in coordinated litigation to hamstring the Secretary's ability to administer the 340B program and enforce its requirements against them.

For instance, in 2013, the Secretary promulgated a regulation relating to the orphan drug exclusion under the 340B statute. Final Rule, Exclusion of Orphan Drugs for Certain Covered Entities under 340B Program, 78 Fed. Reg. 44,016, 44,017 (July 23, 2013). Pharmaceutical Research and Manufacturers of America ("PhRMA"), on behalf of itself and its members, sued the Secretary under the Administrative Procedure Act, arguing that he lacked statutory authority to promulgate the rule. *Compl. for Decl. & Inj. Relief*, D.D.C. Case No. 13-cv-01501-RC, Dkt. No.

1, *4 (Sep. 27, 2013) (hereinafter "PhRMA 1 Complaint"). The D.C. District Court agreed, and it vacated the final rule on those grounds. *See Order*, D.D.C. Case No. 13-cv-01501-RC, Dkt. No. 55, *1 (Aug. 27, 2014). When the Secretary then published the vacated rule as interpretative guidance, PhRMA—on behalf of itself and its members—sued again. *Compl. for Decl. & Inj. Relief*, D.D.C. Case No. 14-cv-1685-RC, Dkt. No. 1, *6 (Oct. 9, 2014) (hereinafter "PhRMA 2 Complaint"). It argued that, even when published as interpretative guidance, the orphan drug rule was invalid because of "the agency's lack of legislative authority to regulate the scope of the statutory orphan drug exclusion." *Id.* at 5. The D.C. District Court again agreed, and it vacated the interpretative rule. *PhRMA v. Dep't of Health & Human Servs.*, 138 F.Supp.3d 31 (D.D.C. 2015). Each of the proposed *amici*, was, at the time of the *PhRMA* decisions, a member of PhRMA. *Compare* website of Pharmaceutical Research & Manufacturers of America, *Member Companies* (Sept. 4, 2013) (archived at https://web.archive.org/web/20130904153227/http://www.phrma.org/about/member-companies) *with* website of Pharmaceutical Research & Manufacturers of America, *Member Companies* (Nov.3,2015)(archived at https://web.archive.org/web/20130904153227/http://www.phrma.org/about/member-companies). Because the proposed *amici* have successfully sued to stop the Secretary from enforcing his interpretation of the 340B statute against them, the Court should reject their expedient attempt to support the Secretary in enforcing his interpretation of the 340B statute against Genesis. Judicial estoppel is an appropriate equitable vehicle for such an order.

Judicial estoppel is an equitable doctrine that a court may invoke at its discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Its purpose is "to protect the integrity of the judicial process[] by prohibiting parties from deliberately changing positions according to the exigencies of the moment[.]" *Id.* (internal quotation marks and citations omitted). Judicial

estoppel may be invoked where a party's later position is clearly inconsistent with its earlier position; where the party succeeded in persuading a court to accept the party's earlier position; and where the party would derive an unfair advantage or impose an unfair detriment on an opposing party if not estopped. *Id.* at 750-51. Judicial estoppel is most frequently applied to a party's factual contentions, *see id.*, and the Fourth Circuit will "generally require" that a party asserting estoppel establish that the position is a factual rather than legal one, *1000 Friends of Maryland v. Browner*, 265 F.3d 216, 226-27 (4th Cir. 2001) (*citing Lowery v. Stovall,* 92 F.3d 219, 224 (4th Cir. 1996)). However, this limited interpretation arose before *New Hampshire*, and the Supreme Court has indicated that *New Hampshire* may apply where a party changes legal positions during the course of litigation. *Sorrel v. IMS Health*, 564 U.S. 552, 563 (2011). The Court's application of *New Hampshire* to drug manufacturers—serial litigants who frequently, and successfully, sue to limit the Secretary's ability to interpret, administer, and enforce the 340B statute—would be consistent with the purpose of judicial estoppel and, moreover, fundamentally equitable.

    The Court would be justified in barring the proposed *amici's* assertions under *New Hampshire* because the interpretation of the 340B statute put forward in their briefs is fundamentally inconsistent with the position they took in *PhRMA 1* and *PhRMA 2*. Indeed, these manufacturers and their ostensible competitors have a long history of engaging in coordinated, strategic litigation to limit the Secretary's ability to administer, interpret, and enforce the 340B statute. As the Court is aware, *see* April 24 Order, these manufacturers and their economic competitors have openly flouted HRSA's longstanding guidance regarding 340B contract pharmacy arrangements. When HRSA sent three proposed *amici* letters—which it did not have the authority to enforce—telling them that their contract pharmacy restrictions violated the plain language of the 340B statute, *see* HRSA.gov, *Program Integrity*

(https://www.hrsa.gov/opa/program-integrity) (last accessed Aug. 18, 2023) (displaying letters to AbbVie, Merck, and Eli Lilly) two of them sued, and the third simply ignored HRSA and continued restricting contract pharmacy shipments. Then, when three other manufacturers successfully convinced the Third Circuit that the Secretary cannot interpret the 340B statute to require contract pharmacy shipments, proposed *amicus* Janssen was the first manufacturer to further restrict its contract pharmacy practices. Johnson & Johnson Health Care Systems, Inc., *Notice to 340B and Non-340B End Customers Regarding Updates to 340B Delivery Limitations* (Feb. 15, 2023), attached hereto as Exhibit B.

The rationale supporting each of the manufacturers' claims in *PhRMA 1*, *PhRMA 2*, and the contract pharmacy cases, is that the Secretary is not authorized to authoritatively interpret the 340B statute through rulemaking or guidance. Yet here, when Genesis asserts the same position, drug manufacturers object. This expedient, contradictory, and arguably cynical imposition into this case should be rejected.

## CONCLUSION

Based on the foregoing arguments, Plaintiff respectfully requests the Court deny the proposed *amici* leave to file *amicus* briefs.

By: /s James M Griffin
James M. Griffin (Fed. I.D. 1053)
Margaret N. Fox (Fed. I.D. 10576)
GRIFFIN HUMPHRIES
4408 Forest Drive, Suite 300
P.O. Box 999 (29202)
Columbia, South Carolina 29206
Tel: 803-744-0800
jgriffin@griffinhumphries.com
mfox@griffinhumphries.com

        Alice V. Harris, Fed. ID #6044  
        MAYNARD NEXSEN PC  
        1230 Main Street, Suite 700 (29201)  
        Post Office Box 2426  
        Columbia, SC 29202  
        Tel: 803-253-8284  
        AHarris@maynardnexsen.com

        Daniel J. Westbrook (Fed. I.D. 5078)  
        NELSON MULLINS RILEY & SCARBOROUGH  
        1320 Main Street, 17th Floor  
        Post Office Box 11070 (29211-1070)  
        Columbia, South Carolina 29201  
        Tel: 803-799-2000  
        dan.westbrook@nelsonmullins.com

        *Attorneys for Plaintiff Genesis Health Care Inc.*

Date:  August 21, 2023